Filed 2/14/25  P. v. Gaylord CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MORGAN ANN GAYLORD,<br><br>    Defendant and Appellant. | C100606<br><br>(Super. Ct. Nos. 22CF02317,<br>    23CM04965) |

Defendant Morgan Ann Gaylord appeals from a judgment after she pled no contest to child abuse, possession of fentanyl for sale, transportation of fentanyl for sale, and bringing contraband into jail.  Defendant claims the trial court erred by not staying her sentence pursuant to Penal Code[1] section 654 as to either the possession of fentanyl for sale count or the transportation of fentanyl for sale convictions because the commission of both offenses constituted a single act.  The People concede the error and we accept the People's concession.  We will reverse defendant's sentence and remand for a full resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

1

Police officers encountered defendant Morgan Ann Gaylord in the parking lot of a pizza restaurant after responding to a report of two adults "passed out" in a car with two young children.  Upon arrival, the officers found defendant in the passenger seat of the car with the children in the back seat.  Defendant got out of the car and the officers searched her, finding two plastic bags containing a total of 30.3 grams of fentanyl hidden in the waistband of her pants.  Officers also searched the car and found 8.8 grams of fentanyl in the center console next to several small plastic baggies.  The fentanyl in the center console was not in a container and was accessible to the children.  While being booked into jail, a small amount of methamphetamine was found in defendant's bra.

A complaint charged defendant with child abuse (§ 273a, subd. (a)), possession of fentanyl for sale (Health & Saf. Code, § 11351), transportation of fentanyl for sale (Health & Saf. Code, § 11352, subd. (a)), and bringing contraband into jail (§ 4573, subd. (a)) (fentanyl case).  Defendant pled no contest to all charges.  The court suspended defendant's sentence and granted four years of probation.

Over the next 13 months, the probation department filed four separate petitions to revoke probation.  The court sustained the first three petitions and reinstated defendant on probation each time.  The probation department's fourth petition, which it amended, alleged six separate probation violations.  The People subsequently filed a complaint charging defendant with resisting arrest, which the petition also alleged (§ 148, subd. (a)(1)) (resisting arrest case).  Defendant pled no contest to resisting arrest and admitted two probation violations.

At sentencing, the court denied probation and imposed sentences in both cases.  In the fentanyl case, the court sentenced defendant to an aggregate term of seven years four months, consisting of four years for child abuse, one year for possession of fentanyl for sale, one year four months for transportation of fentanyl for sale, and one year for

bringing contraband into jail. The court also sentenced defendant to one year in the resisting arrest case, which ran concurrent to the fentanyl case.

Defendant timely appealed.

DISCUSSION

The parties agree that one of the two counts involving the possession and transportation of fentanyl for sale should be stayed pursuant to section 654. We agree with the parties and will remand for resentencing.

When the facts are undisputed, as they are here, we review the application of section 654 de novo. (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

Section 654, subdivision (a) states, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Section 654 prohibits punishing a defendant more than once for a single criminal act or for an indivisible course of criminal conduct that reflects a single intent or objective. (§ 654, subd. (a); *People v. Corpening*, *supra*, 2 Cal.5th at p. 311.)

We apply a two-step inquiry to determine if section 654 bars multiple punishments "because the statutory reference to an 'act or omission' may include not only a discrete physical act but also a course of conduct encompassing several acts pursued with a single objective." (*People v. Corpening*, *supra*, 2 Cal.5th at p. 311.) We first consider whether the different crimes defendant committed "were completed by a 'single physical act.' " (*Ibid.*) "It is the singleness of the act and not of the offense that is determinative." (*People v. Knowles* (1950) 35 Cal.2d 175, 187.) "Whether a defendant will be found to have committed a single physical act for purposes of section 654 depends on whether some action the defendant is charged with having taken separately completes the *actus reus* for each of the relevant criminal offenses." (*Corpening*, at p. 313, italics added.) If so, defendant cannot be punished for both crimes and our inquiry ends there. (*Id.* at p. 311.)

When police officers encountered defendant, she was sitting in the front passenger seat of the car, next to the center console containing fentanyl. At the same time, she possessed fentanyl on her person, hiding it in her waistband. Although the officers discovered the concealed fentanyl on defendant when she was outside of the car, the search occurred immediately after she got out of the car. Defendant's action of possessing and transporting fentanyl for sale while she was in the car completed the actus reus for both crimes and therefore constituted a single act. (*People v. Buchanan* (2016) 248 Cal.App.4th 603, 610 ["[S]ection 654 applies to possession for sale and transportation for sale of the same substance"].)

In light of our conclusion that defendant cannot be punished twice for these offenses, we remand for a full resentencing.

DISPOSITION

The judgment is vacated and we remand for a full resentencing consistent with this opinion.

/s/ _____<br>
WISEMAN, J.*

We concur:

/s/ _____<br>
ROBIE, Acting P. J.

/s/ _____<br>
MAURO, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4